COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SPENCER A. BURKHOLZ (147029)
THOMAS E. EGLER (189871)
LAUREN G. KERKHOFF (236902)
CHRISTINA A. ROYCE (254551)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@csgrr.com
tome@csgrr.com
lkerkhoff@csgrr.com
croyce@csgrr.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID H. LUTHER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE HOME LOANS SERVICING, LP, et al., <br><br> Defendants. | No. 2:07-cv-08165-MRP(MANx) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES <br><br> DATE: February 25, 2008 <br> TIME: 10:00 a.m. <br> CTRM: 12 <br> JUDGE: The Honorable <br>           Mariana R. Pfaelzer |

# TABLE OF CONTENTS

Page

I. Introduction ........................................................................................................ 1

II. Factual and Procedural Background ................................................................. 2

III. There Is No Basis in Fact or Law for Defendants' Removal of This Action ................................................................................................................ 4

    A. The Court Should Strictly Construe the Removal Statute with the Defendants Having the Burden of Establishing Removal Is Proper ....................................................................................................... 4

    B. The 1933 Act Is Expressly Non-Removable and CAFA Does Not Provide for Removal of 1933 Act Claims ................................... 5

IV. Plaintiff Is Entitled to an Award of Attorneys' Fees and Costs ..................... 10

V. Conclusion ........................................................................................................ 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Berry v. Am. Express Publ'g*,
   381 F. Supp. 2d 1118 (C.D. Cal. 2005) ............................................................... 4

*Breuer v. Jim's Concrete of Brevard, Inc.*,
   538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003) ............................. 9

*Brill v. Countrywide Home Loans, Inc.*,
   427 F.3d 446 (7th Cir. 2005) ............................................................................ 4

*Brody v. Homestore, Inc.*,
   240 F. Supp. 2d 1122 (C.D. Cal. 2003) .......................................................... 5

*Emrich v. Touche Ross & Co.*,
   846 F.2d 1190 (9th Cir. 1988) ......................................................................... 5

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ........................................................................... 4

*Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*,
   No. 03CV0714 BTM (JFS), 2003 WL 23509312
   (S.D. Cal. Aug. 27, 2003) .................................................................................. 5

*Herman & MacLean v. Huddleston*,
   459 U.S. 375, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983) ................................ 8

*Kearns v. Ford Motor Co.*,
   No. CV 05 5644 GAF (JTLx), 2005 U.S. Dist. LEXIS 41614
   (C.D. Cal. Nov. 18, 2005) ................................................................................. 4

*Lao v. Wickes Furniture Co.*,
   455 F. Supp. 2d 1045 (C.D. Cal. 2006) .......................................................... 4

*Moore v. Permanente Med. Group*,
   981 F. 2d 443 (9th Cir. 1992) .................................................................. 10, 11

*Morris v. Bridgestone/Firestone, Inc.*,
   985 F.2d 238 (6th Cir. 1993) ......................................................................... 10

**Page**

*Nelsen v. PeoplePC, Inc.*,
    No. C 07 1386 PJH, 2007 U.S. Dist. LEXIS 41641
    (N.D. Cal. May 30, 2007) ................................................................................ 6

*Pipefitters Local 522 and 633 Pension Trust Fund
    v. Salem Communs. Corp.*,
    No. CIV232456, 2005 U.S. Dist. LEXIS 14202
    (C.D. Cal. June 28, 2005) ................................................................................. 5

*Reiter v. Sonotone Corp.*,
    442 U.S. 330, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979) ................................... 7

*Reves v. Ernst & Young*,
    494 U.S. 56, 110 S. Ct. 945, 108 L. Ed. 2d 47 (1990) ................................... 10

*United States v. 144,774 Pounds of Blue King Crab*,
    410 F.3d 1131 (9th Cir. 2005) .......................................................................... 7

*United States v. 594,464 Pounds of Salmon*,
    871 F.2d 824 (9th Cir. 1989) ............................................................................ 7

*Williams v. Tex. Commerce Trust Co.*,
    No. 05 1070 CV-W-GAF, 2006 U.S. Dist. LEXIS 39743
    (W.D. Mo. June 15, 2006) ................................................................................ 7

*Yeroushalmi v. Blockbuster Inc.*,
    No. CV 05 2550 AHM (RCx), 2005 U.S. Dist. LEXIS 39331
    (C.D. Cal. July 11, 2005) ................................................................................. 4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §77 ............................................................................................................*passim*
    §77b(a)(1) ................................................................................................ 6, 9, 10
    §77k ..........................................................................................................*passim*
    §77k(a) ............................................................................................................. 8
    §77k-1 .............................................................................................................. 1
    §77l ................................................................................................................. 9
    §77l(a)(2) ............................................................................................... 1, 3, 7, 8

| | Page |
|---|---|
| §77o | 1, 3, 7 |
| §77p(b) | 5 |
| §77p(f)(3) | 6 |
| §77v | 9 |
| §77v(a) | 1, 5, 9 |
| §78 | 5 |
| §78bb(f)(5)(E) | 6 |

28 U.S.C.

| | |
|---|---|
| §1332 | 6 |
| §1332(d) | 6 |
| §1332(d)(9)(A)-(C) | 6 |
| §1332(d)(9)(C) | 1, 2 |
| §1447(c) | 2, 10, 11 |

Class Action Fairness Act of 2005 ................................................................*passim*

## I. Introduction

This action was improperly removed and should be remanded to state court. Plaintiff's claims under the Securities Act of 1933 ("1933 Act") can be brought in *either* state or federal court and are expressly non-removable from state court. 15 U.S.C. §77(v)(a). Defendants' sole basis for removal, the Class Action Fairness Act of 2005 ("CAFA"), by its plain language, did not alter this law and there is no reported case allowing for removal of a 1933 Act claim under CAFA. In fact, CAFA expressly excludes removal of any class action that solely involves a claim that "relates to the rights, duties . . . and obligations" relating to any security. 28 U.S.C. §1332(d)(9)(C). CAFA prohibits removal of this case since plaintiff's Complaint[1] is based solely on claims that relate to the rights and duties relating to the Mortgage Pass-Through Certificates ("Certificates") issued by a Countrywide subsidiary called CWALT that were acquired by plaintiff and other members of the Class[2] pursuant and/or traceable to false and misleading Registration Statements ("Registration Statements" and Prospectus Supplements) issued between January 2005 and June 2007.

Plaintiff alleges that the offering documents defendants used in issuing its mortgage-backed securities contained falsehoods and omissions. Plaintiff is seeking damages and other remedies based on the law that covers the issuance of those securities – the 1933 Act – which provides for the *right* to sue and the *obligations* of sellers such as defendants. 15 U.S.C. §77k-l. When defendants (Countrywide's subsidiaries and third party investment banks) chose to issue securities pursuant to the

---

[1] All "Complaint" and paragraph ("¶_" or "¶¶_") references refer herein to the Complaint for Violation of §§11, 12(a)(2) and 15 of the Securities Act of 1933, filed on November 14, 2007.

[2] The "Class" consists of all persons or entities who acquired CWALT Certificates pursuant and/or traceable to CWALT's false and misleading Registration Statements for CWALT's offerings made between January 2005 and June 2007, and who were damaged thereby.

1933 Act, they created rights, duties and obligations related to and pursuant to the securities through the Act.  The statute defendants rely on for jurisdiction, however, prohibits the removal of actions that are "relate[d] to the rights, duties . . . and obligations relating to or created by or pursuant to any security."  28 U.S.C. §1332(d)(9)(C).  As this action *relates to the rights, duties and obligations relating to, created by, or pursuant to a security*, CAFA does not apply, and the action must be remanded.

Countrywide and its subsidiaries, which are in the throes of litigation due to allegations of failing to disclose the true risk of its mortgages to investors, apparently are seeking to federalize all litigation against it.  Countrywide also recently removed a series of state law "derivative" actions to this district in an attempt to have it coordinated with class actions filed under federal law that must be litigated in federal court.  However, on November 15, 2007, Judge John Walter ordered the derivative cases remanded to Los Angeles County Superior Court.  *See New Jersey Carpenters' Pension Fund v. Mozilo, et al.*, No. BC378319, Notice of Remand, Notice of Status of Removed Case, dated November 26, 2007, attached as Ex. A to the Declaration of Spencer A. Burkholz in Support of Plaintiff's Motion for Remand to State Court and an Award of Attorneys' Fees and Expenses.  This Court should also remand this action and give deference to plaintiff's right to choose state court as the forum for its 1933 Act claims.

Moreover, because defendants' removal was without legal or factual basis, plaintiff should be awarded costs associated with this remand motion, including attorneys' fees.  *See* 28 U.S.C. §1447(c).

## II.     Factual and Procedural Background

This case relates to the unprecedented devaluation of CWALT's mortgage-backed securities that took place over the past year, as it became clear to the market that the loans that backed the securities were far more risky and prone to non-payment or default than what defendants had disclosed to investors.  As defendants disclosed

the massive failures and additional risks involved in its mortgages, the securities it offered to investors declined by billions of dollars in value.

On November 14, 2007, plaintiff properly filed this action in the Superior Court of California, County of Los Angeles, seeking relief against defendants and only alleging claims brought pursuant to the 1933 Act for violations of §§11, 12(a)(2) and 15 on behalf of himself and similarly situated investors. As alleged in the Complaint, defendants caused Registration Statements to be filed with the Securities and Exchange Commission ("SEC") in connection with, and for the purpose of issuing billions of dollars of Certificates – commonly referred to as "mortgage backed securities." ¶4. The Complaint alleges that the Registration Statements omitted and/or misrepresented information about the underlying mortgages and the borrowers of those mortgages, and as a result, the Certificates sold to plaintiff and the Class were much riskier than represented in the Registration Statements. ¶¶7-8. The Complaint alleges that defendants owed plaintiff and the other members of the Class, who purchased the Certificates pursuant to the Registration Statements/Prospectus Supplements,

> the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statements/Prospectus Supplements to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

¶89. Therefore, plaintiff and the other members of the Class who hold the Certificates issued pursuant to the Registration Statements "have the right to rescind and recover the consideration paid" for their Certificates. ¶91. "Class members who have sold their Certificates seek damages to the extent permitted by law." *Id*.

On December 14, 2007, defendants improperly removed this action to this Court based solely upon CAFA, which was enacted to federalize some class actions. But CAFA clearly and unambiguously does not cover any class action involving a

claim that solely relates to the rights and duties relating to a security. Accordingly, this action should be remanded to state court.

### III. There Is No Basis in Fact or Law for Defendants' Removal of This Action

#### A. The Court Should Strictly Construe the Removal Statute with the Defendants Having the Burden of Establishing Removal Is Proper

Remand here is mandated because the Court must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "'strong presumption' against removal jurisdiction" which means that defendants always have the burden of establishing that removal is proper. *Id.* Courts should resolve doubts as to removability in favor of remanding the case to state court. *Id.*

As the removing parties, defendants have "the burden of establishing that the federal court has jurisdiction over class action lawsuits removed under CAFA" *Kearns v. Ford Motor Co.*, No. CV 05 5644 GAF (JTLx), 2005 U.S. Dist. LEXIS 41614, at *15 (C.D. Cal. Nov. 18, 2005) (J. Feess) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (J. Easterbrook)); *Lao v. Wickes Furniture Co.*, 455 F. Supp. 2d 1045, 1058 (C.D. Cal. 2006) (J. Larson).[3]

Here, because defendants cannot meet their burden and the statute is unambiguous, this case should be remanded to state court.

---

[3] Two opinions from this district in 2005 found that CAFA puts the burden of demonstrating remand upon plaintiffs, which is the opposite of the usual burden. *See generally Yeroushalmi v. Blockbuster Inc.*, No. CV 05 2550 AHM (RCx), 2005 U.S. Dist. LEXIS 39331 (C.D. Cal. July 11, 2005) (J. Matz); *Berry v. Am. Express Publ'g*, 381 F. Supp. 2d 1118, 1124 (C.D. Cal. 2005) (J. Stotler). The more recent opinions from this district, such as *Kearns* and *Lao*, have adopted the reasoning of other courts and the Court of Appeals for the Seventh Circuit on the issue, however, and find that CAFA did not change the rule regarding the burden of proof on removal.

## B. The 1933 Act Is Expressly Non-Removable and CAFA Does Not Provide for Removal of 1933 Act Claims

This case is pled pursuant to the 1933 Act, which provides, with the exception of situations not relevant here, that a plaintiff may choose to file a Securities Act claim *in either state or federal court*. The statute provides that

> [t]he district courts of the United States and [the] United States courts of any Territory shall have jurisdiction of offenses and violations under this title . . . **concurrent with State and Territorial courts** . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this title.[4]

15 U.S.C. §77v(a). Indeed, the statute **affirmatively forbids** defendants from removing cases properly filed in state courts. *Id.* ("**no case** arising under this title and brought in any State court of competent jurisdiction **shall be removed** to any court of the United States"). Under this statute, while "Congress has provided for concurrent jurisdiction in cases arising under the 1933 Act, it has also expressly provided that a case once filed in state court may not be removed." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1197 (9th Cir. 1988) (directing remand of Securities Act claims).[5]

Defendants have overlooked the mandate that no case under the Securities Act shall be removed to federal court, turning instead to a potential federal source for jurisdiction that does not apply to 1933 Act claims. Defendants' sole basis for

---

[4] Citations and footnotes are omitted and emphasis is added unless otherwise noted.

[5] In 1998, Congress passed legislation, the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), which allowed for the removal of certain *state law* securities class actions but *not* 1933 Act claims. *See* 15 U.S.C. §77p(b) ("based upon the statutory or common law of any state"). *See generally Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 03CV0714 BTM (JFS), 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003); *Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Communs. Corp.*, No. CIV232456, 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005), *but see Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003). This is *not* a state law class action and defendants did not remove this action on those grounds.

removal is the "Class Action Fairness Act of 2005." CAFA amended the "Diversity of Citizenship" provisions of 28 U.S.C. §1332. CAFA generally "vests district courts with original jurisdiction of any civil action in which the amount of controversy exceeds $5,000,000 and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Nelsen v. PeoplePC, Inc.*, No. C 07 1386 PJH, 2007 U.S. Dist. LEXIS 41641, at *1-*2 (N.D. Cal. May 30, 2007) (citing 28 U.S.C. §1332(d)). Yet CAFA also has a series of straightforward exceptions to federal jurisdiction, including very broad securities-related exceptions. Those exceptions provide that the federal courts do *not* have jurisdiction over an action:

> (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 and section 28(f)(5)(E) of the Securities Exchange Act of 1934;
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; *or*
>
> (C) that relates to the *rights*, *duties* (including fiduciary duties), and *obligations* relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 and the regulations issued thereunder).

28 U.S.C. §1332(d)(9)(A)-(C).

Subsection C applies squarely to this action. As detailed in the Complaint and summarized above, plaintiff brings this action seeking redress for actionable statements and omissions defendants made in the Registration Statements used to sell the securities at issue. This action therefore relates to the *rights, duties and obligations* relating to the mortgage backed securities that CWALT and the other defendants issued.

  Plaintiff has been unable to locate any case law interpreting this exception to CAFA for a 1933 Act claim, likely because it is so straightforward and the 1933 Act claims clearly fall within the exception. The language of the exception, allowing securities holders to exercise "rights" relating to a security, requires no parsing. As the Court of Appeals has held, "[i]n construing a statute, this court first looks to the plain meaning of the language in question. If the language is unambiguous, its plain meaning controls unless Congress has 'clearly expressed' a contrary legislative intention." *United States v. 594,464 Pounds of Salmon*, 871 F.2d 824, 825-26 (9th Cir. 1989). Further, the Court "must interpret the statutory phrase as a whole, giving effect to each word and not interpreting the provision so as to make other provisions meaningless or superfluous." *United States v. 144,774 Pounds of Blue King Crab*, 410 F.3d 1131, 1134 (9th Cir. 2005).

  Under the plain meaning of the statute's "related to" wording here, this action must be remanded – and courts have taken an expansive view of what should be considered "related to." *Williams v. Tex. Commerce Trust Co.*, No. 05 1070 CV-W-GAF, 2006 U.S. Dist. LEXIS 39743, at *17 (W.D. Mo. June 15, 2006) (finding that a trust indenture that "deals with" the debentures at issue in that action was "related to" the debentures at issue and remanding the action).

  As defendants' Notice of Removal ("Defs' Notice of Removal") admits, plaintiff's causes of action are based solely on violations of §§11, 12(a)(2) and 15 of the 1933 Act. Defs' Notice of Removal at 2. Here, plaintiff's claims relate solely to the rights, duties, and obligations relating to or created by the Certificates issued by defendants pursuant to the Registration Statements that plaintiff and other Class members purchased. The statute's plain wording encompasses those rights, and any interpretation of the statute should "give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979). Section 11 of the Securities Act give an aggrieved investor the ***right*** to bring an action in very limited circumstances against sellers of securities who have

- 7 -

*obligations* to buyers. The statute provides that when a Registration Statement contained an "untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security . . . may, either at law or in equity, in any court of competent jurisdiction, sue" various enumerated defendants. 15 U.S.C. §77k(a). As the Supreme Court has held,

> Section 11 of the 1933 Act allows purchasers of a registered security to sue certain enumerated parties in a registered offering when false or misleading information is included in a registration statement. The section was designed to assure compliance with the disclosure provisions of the Act by imposing a stringent standard of liability on the parties who play a direct role in a registered offering.

*Herman & MacLean v. Huddleston*, 459 U.S. 375, 381-82, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983).

> Similarly, §12(a)(2) of the Securities Act creates a *obligation* of liability for, [a]ny person who offers or sells a security . . . which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading to the person purchasing such security from him.

15 U.S.C. §77l(a)(2). The statute provides that the seller "*shall be liable*" to the purchaser if the seller fails to sustain certain defenses. *Id*.

Again, the straightforward language of the statute creating the right to bring this action, and the obligations of the sellers to plaintiff purchasers is clear. These rights, duties, and obligations are created only when an issuer chooses to sell securities under the Securities Act, and are pursuant to and related to those securities. Thus, the CAFA exception clearly applies and this case must be remanded.

Further, as noted above, §22 of the 1933 Act, explicitly states that in cases such as this, "no case arising under this title and brought in any State court of competent jurisdiction ***shall*** be removed to any court [in] the United States." 15 U.S.C. §77v(a). In 1933, in response to horrific securities scandals that in the late 1920s had laid waste to the American capital markets, Congress enacted the Securities Act – the first of the federal securities laws to protect investors. 15 U.S.C. §77, *et seq*. In so doing, Congress expressly authorized aggrieved investors to bring claims under the Securities Act in *either* state or federal court. *Id.* Damaged investors, including plaintiffs alleging Securities Act §§11 and 12 claims, were thus entitled to file their lawsuits in state court and to have that choice of forum honored. As a unanimous Supreme Court stated in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003), removal under §22(a) and other specific non-removal statutes is prohibited, for "[w]hen Congress has 'wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms.'" Here, plaintiff properly filed in state court, and therefore the Court should immediately remand this action to California state court.

Defendants finally cannot deny that the Certificates purchased by plaintiff and other Class members are a security as defined under §2(a)(1) of the Securities Act of 1933. The term "security" means:

> any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group of index of securities (including any interest therein or based on the value thereof), or any put, call straddle, option or privilege entered

>into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a 'security,' or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

15 U.S.C. §77b(a)(1). In *Reves v. Ernst & Young*, 494 U.S. 56, 61, 110 S. Ct. 945, 108 L. Ed. 2d 47 (1990), the court further expounded on the statutory definition of a security, noting that in defining a "security" Congress enacted a definition "sufficiently broad to encompass virtually any instrument that might be sold as an investment." Here, the present action is brought on behalf of Class members who acquired mortgage pass-through Certificates offered through Registration Statements/ Prospectus Statements. Complaint ¶1. Thus, these Certificates clearly fall under the definition of a security. Accordingly, based on the plain language of the statute, removal under CAFA was improper and this action should be remanded to California state court.

## IV. Plaintiff Is Entitled to an Award of Attorneys' Fees and Costs

The order remanding this case to California state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The circumstances in this case warrant such an award. The Court need not find that the defendants acted with an improper purpose or in bad faith in order to award plaintiff the attorneys' fees and costs they incurred in remanding this case to the state court (*see Moore v. Permanente Med. Group*, 981 F. 2d 443, 446 (9th Cir. 1992)). Here, defendants' removal of this action despite the clear and unambiguous language of CAFA is an appropriate basis for awarding attorneys' fees and costs. Indeed, the Court should order defendants to pay plaintiff's attorneys' fees and costs if the award would be "'fair and equitable under all the circumstances.'" *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).

Finally, the Court need not delay its order remanding this action to award plaintiff its attorneys' fees and costs. Rather, the Court may issue an order immediately remanding this action while retaining jurisdiction to determine the appropriate amount of an award under §1447(c). *See Moore*, 981 F.2d at 448 ("because the award of attorney's fees pursuant to 28 U.S.C. §1447(c) is collateral to the decision to remand, the district court retain[s] jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees").

## V. Conclusion

As set forth above, defendants had no basis in fact or law for removing this action to federal court pursuant to the CAFA. Thus, plaintiff's action should be immediately remanded to state court, and plaintiff should be awarded reasonable costs and fees associated with this remand motion.

DATED: January 10, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SPENCER A. BURKHOLZ
THOMAS E. EGLER
LAUREN G. KERKHOFF
CHRISTINA A. ROYCE

    s/ SPENCER A. BURKHOLZ
SPENCER A. BURKHOLZ

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

DEUTSCH & LIPNER
SETH E. LIPNER
1325 Franklin Avenue, Suite 225
Garden City, NY  11530
Telephone:  516/294-8899
516/742-9416 (fax)

Attorneys for Plaintiff

S:\CasesSD\CWALT\BRF00048253.doc

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2008.

 s/ SPENCER A. BURKHOLZ
SPENCER A. BURKHOLZ

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       SpenceB@csgrr.com

# Mailing Information for a Case 2:07-cv-08165-MRP-MAN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Spencer A Burkholz**
  spenceb@csgrr.com

- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Samuel H Rudman**
  srudman@lerachlaw.com

- **Lloyd Winawer**
  lwinawer@goodwinprocter.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Inez H Friedman-Boyce
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Paul J Geller
Coughlin Stoia Geller Rudman & Robbins LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432

Seth E Lipner
Deutsch & Lipner
1325 Franklin Avenue Suite 225
Garden City, NY 11530

David C Walton
Coughlin Stoia Geller Rudman and Robbins  LLP
655 West Broadway Suite 1900
San Diego, CA 92101
```