JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID H. LUTHER, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTRYWIDE HOME LOANS SERVICING, LP, et al.,**<br><br>Defendant. | Case No. 2:07-CV-08165-MRP(MANx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND DENYING AN AWARD OF ATTORNEY'S FEES AND EXPENSES** |

Before the Court is Plaintiff's Motion for Remand to State Court, and its accompanying Motion for Attorneys' Fees and Expenses. After consideration of the relevant arguments, the Court GRANTS Plaintiff's Motion for Remand and DENIES their Motion for An Award of Attorney's Fees and Expenses.

## I.
## BACKGROUND

On Nov. 14, 2007, Plaintiff filed a complaint against Countrywide Home Loans Servicing LP, CWALT, Inc., several series of "Alternative Loan" Trusts, several underwriters and individuals currently or formerly affiliated with Countrywide Financial Corporation or its subsidiaries (collectively, "Defendants"). The complaint was filed in the Superior Court of

-1-

California, County of Los Angeles, on behalf of holders of "Mortgage Pass-Through Certificates" issued by a Countrywide Financial Corporation subsidiary called "CWALT."[1] The Complaint alleges that the offering documents for these mortgage-backed securities contained misrepresentations and omissions in violation of §§11, 12(a)(2), and 15 of the Securities Act of 1933 ("The 1933 Act"). On Dec. 14, 2007, Defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1446(a) and 1441(a). Defendants based removal jurisdiction upon 28 U.S.C. § 1332, as amended in relevant part by the Class Action Fairness Act ("CAFA"). Plaintiff now seeks to remand this case to state court on the grounds that CAFA does not apply.

## II.
## LEGAL STANDARD

The 1933 Act provides for concurrent jurisdiction in state and federal court, but forbids removal of cases arising under its subchapters where plaintiffs initially file suit in state court. *See* 15 U.S.C. § 77v(a).

Under CAFA, a putative class action brought in state court is removable to federal court if (1) the amount in controversy exceeds $5,000,000; and (2) any member of the class is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(2)(A). Jurisdiction under CAFA is subject to numerous statutory exceptions, including several exceptions for cases involving securities. Most relevant here, CAFA does not apply to any class action that "solely" involves (1) a claim "concerning a covered security," *id*. § 1332(d)(9)(A); (2) a claim that "relates to the internal affairs or governance of a corporation," *id.* § 1332(d)(9)(B); or (3) a claim that "relates to the rights, duties (including fiduciary duties), and obligations relating or created by or pursuant to any security," *id.* § 1332(d)(9)(C).[2]

---

[1] The securities at issue were supported by large pools of mortgage loans and had several classes with various priorities of payment, exposure to default, and other terms.

[2] While the Court does not decide the applicability of this exception to the instant case, it observes that the exception contained in § 1332(d)(9)(C) typically applies to disputes regarding the terms of a security, for example, the priorities of payment specified in the instant mortgage-backed securities. *See* footnote 6 *infra* for a further interpretation of this exception.

-2-

1   While the party seeking to remove to federal court has the burden of meeting the two
2   requirements of §1332(d)(2), the plaintiff arguing in favor of remand has the burden of showing
3   that any express statutory exception applies. *See Serrano v. 180 Connect Inc.*, 478 F.3d 1018,
4   1024 (9th Cir. 2007); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003)
5   ("whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to
6   find an express exception").

III.

ANALYSIS

The Plaintiff here has stretched every pleading limit to remain in state court. In doing so, he has presented the court with a rather novel set of removal issues under the securities laws.[3] The 1933 Act flatly prohibits removal of cases arising under its provisions that were initially brought in state court. *See* 15 U.S.C. § 77v(a) ("Except as provided in [§ 77p(c)], no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States"). The only exception to that prohibition is contained in § 77p(c), a section added by the Securities Litigation Uniform Standards Act ("SLUSA") to authorize removal in certain circumstances. *See* 15 U.S.C. § 77p(c). But SLUSA provides no basis for removal where, as here, the claims do not involve a "covered security."[4] *See* 15 U.S.C. §§ 77p(f)(2)(A).

---

[3] Plaintiff's Counsel also has had other class actions pending before this Court involving different combinations of securities and violations of securities law. *See, e.g., Adams v. Mozilo et al*, No. 08-CV-00236 (class action brought in state court on behalf of Countrywide common stockholders and alleging breaches of fiduciary duties); *Abrams v. Countrywide Financial Corp.*, *et al.*, No. 07-CV-05432 (voluntarily dismissed by plaintiff) (class action brought in federal court on behalf of purchasers of Countrywide common stock and alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5).

[4] Even if a "covered security" was involved, courts are split whether SLUSA applies to actions raising solely 1933 Act claims. *Compare Brody v. Homestore, Inc.,* 240 F. Supp. 2d 1122 (C.D. Cal. 2003) (interpreting SLUSA to permit removal where plaintiff brought solely 1933 Act claims); *Rubin v. Pixelplus*, No. 06-CV-2964, 2007 U.S. Dist. LEXIS 17671 (E.D.N.Y. Mar. 13, 2007); *Rovner v. Vonage Holdings Corp.*, No. 07-178, 2007 U.S. Dist. LEXIS 8656 (D.N.J. Feb. 5, 2007) *with Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Comm. Corp.*, No. 05-CV-2730, 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. Jun. 28, 2005) (granting motion to remand due to the plain meaning of the statutes); *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.,* No. 03-CV-0714, 2003 U.S. Dist. LEXIS 15382 (S.D. Cal. Aug. 26, 2003); *Hal Unshuld v. Tri-S Security Corp.*, No. 1:06-CV-02931, 2007 U.S. Dist. LEXIS 68513 (D. Ga. Sept. 14, 2007). *See generally* Jeffrey T. Cook, Recrafting the Jurisdictional Framework for Private Rights of Action Under the Federal Securities Laws, 55 Am. U. L. Rev. 621 (2006).

1  With no basis for removal arising from the securities laws, Defendants rely solely upon
2  CAFA.  The parties do not dispute that prima facie removal jurisdiction exists under CAFA
3  because the two requirements of §1332(d)(2)(A) have been met.  They do dispute whether
4  CAFA can overcome the flat prohibition against removal contained in § 77v(a) of the 1933 Act.
5  They also dispute whether CAFA's exceptions apply to claims made in this case, and in
6  particular, whether this case "solely" involves a claim that "relates to the rights, duties (including
7  fiduciary duties), and obligations relating or created by or pursuant to any security" under 28
8  U.S.C. § 1332(d)(9)(C).

9  CAFA sought to "make[] it harder for plaintiffs' counsel to 'game the system' by trying
10 to defeat <u>diversity</u> jurisdiction," *see* S. REP. 109-14, 2005 U.S.C.C.A.N. 3, 6 (emphasis added),
11 by "adding named plaintiffs or defendants solely based on their State of citizenship in order to
12 defeat the diversity requirement" or alleging "an amount in controversy that does not trigger the
13 $75,000 threshold for removing cases to federal court."  151 Cong. Rec. S1079 (daily ed. Feb. 8,
14 2005) (statement of Sen. Dodd).  The statutory background is replete with references to this
15 problem with the then-existing diversity requirements.  *See, e.g.,* 2005 U.S.C.C.A.N. at 7
16 ("because of a technical glitch in the diversity jurisdiction statute, such [class action] cases are
17 usually excluded from federal court"); *Id.* at 12 ("[t]here is a growing chorus of authoritative
18 sources declaring that something is badly amiss with the manner in which federal diversity
19 jurisdictional requirements are applied to class actions"); *Id.* at 11 (describing in detail the artful
20 pleading that plaintiffs use to manipulate the system, and in particular, the "nonsensical"
21 situations where federal courts lack diversity jurisdiction altogether).

22 None of these concerns resonate in 1933 Act cases.  Indeed, prior to CAFA, plaintiffs'
23 artful pleading of parties or amount in controversy – the apparent motivations for the enactment
24 of CAFA – was largely irrelevant to determinations of (1) federal jurisdiction; and (2) removal
25 jurisdiction in 1933 Act cases.  The Act expressly provides for the former and prohibits the latter.
26 *See* 15 U.S.C. § 77v(a).  Thus, regardless of the "diversity" of the parties or the amount sought,
27 concurrent jurisdiction was always present and removal was never proper so long as the case was
28

1  brought under 15 U.S.C. § 77a et seq.[5]  In fact, the prohibition on removal in the 1933 Act
2  "trumps" the general removal provision in 28 U.S.C. § 1441(a), which authorizes removal for
3  any case that could have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a)
4  ("Except as otherwise expressly provided…any civil action brought in a State court of which the
5  district courts of the United States have original jurisdiction, may be removed…").

6  Against this backdrop, Defendants urge the Court to apply the broad, diversity-based
7  <u>removal</u> provision of CAFA over the specific and express prohibition of removal contained in
8  the 1933 Act on claims brought under that chapter.  Importantly, on this issue these two statutes
9  cannot "mutually coexist," *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155 (1976),
10 because to permit removal based on CAFA would violate the 1933 Act's prohibition on removal
11 of <u>any case</u> "arising under" that Act, *see* 15 U.S.C. § 77v(a).

12 "It is a basic principle of statutory construction that a statute dealing with a narrow,
13 precise, and specific subject is not submerged by a later enacted statute covering a more
14 generalized spectrum." *Radzanower,* 426 U.S. at 153 (1976).  "Where there is no clear intention
15 otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the
16 priority of enactment."  *Id.*  Defendants do not show any such "clear intention" and point only to
17 Congress's lack of an express exclusion of 1933 Act claims from CAFA.  *See* Countrywide
18 Defs.' Opp. to Mot. Remand at 19 (arguing that Congress's failure to create a discrete exception
19 that would preserve non-removability of 1933 Act claims indicates an affirmative expression of
20 intent to make them removable).

21 Defendants' argument is unavailing because CAFA appears directed towards a different
22 problem – plaintiffs' artful circumvention of the diversity requirements – whereas the 1933 Act
23 specifically forbids removal of cases brought pursuant to its provisions.  Federal courts are courts
24 of "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994),
25 and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the
26 first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  At the very least, the Court

---

[5] This discussion assumes that, as here, SLUSA is inapplicable.

continues to harbor significant doubt that CAFA provides removal jurisdiction in the face of the 1933 Act's absolute prohibition on removal. Accordingly, the Court must remand this case to state court.

The Court declines to address the applicability of CAFA's exceptions to the complaint here,[6] and furthermore, due to the difficult issues of law associated with this Motion for Remand, the Court declines to award fees and costs.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand this case is GRANTED, and the request for attorneys' fees and costs is DENIED.

IT IS SO ORDERED.

DATED:  February 28, 2008            _____
                                      Hon. Mariana R. Pfaelzer
                                      United States District Judge

---

[6] The Court notes that once again it is confronted with a pleading that, at least on its face, conforms to the express requirements of the statute, even if closer inspection and the legislative history of the statute may suggest a different result. *See In Re Countrywide Financial Corp. Shareholder Derivative Litigation*, No. 08-CV-00392 ("*Garber*"), Order Granting Plaintiffs' Motion to Remand, Feb. 22, 2008. Here, the Complaint as pled may indeed fall within the CAFA exception for causes of action that "relate[] to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(C). Plaintiff assigns a broad, sweeping scope to this exception. However, when this ambiguous phrase is informed by the relevant legislative history, *see* Senate Report 109-14, 2005 U.S.C.C.A.N. 3 (Feb. 28, 2005)), it is clear that it was intended to be "narrowly construed" and can extend only to (i) claims of corporate governance and (ii) rights conferred by the actual terms of securities themselves. *See id*. at 42. Still, because the Complaint alleges that the Defendants had a duty "to make a reasonable and diligent investigation of the statements contained" in the offering documents of the mortgage-backed securities at issue, it may very well fall within the § 1332(d)(9)(C) exception to CAFA even under this proper, narrower definition. To reiterate, however, because this Court finds that CAFA conflicts with the non-removal provision of the 1933 Act, it does not decide this issue at this time.